(115 So. 858)
## OSLEY v. STATE. (6 Div. 267.)

Court of Appeals of Alabama. March 20, 1928.

Cora R. Thompson, of Birmingham, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

Brief did not reach the Reporter.

BRICKEN, P. J. ■ The indictment in this case consisted of three counts, but, as the conviction of the defendant, by the jury's verdict, was under the first count, all questions relating solely to the second and third counts of the indictment need not be considered. As to these counts, the verdict of the jury operated as an acquittal of the defendant of the offenses therein charged.

■ In order to sustain a conviction under the first count of this indictment, the prosecution, under the usual measure of proof, was under the burden of establishing the three following propositions: (1) That the defendant, at the time of the alleged commission of the offense charged, was an officer, agent, or clerk of Naomi Lodge, No. 456, Ancient Free and Accepted Masons. (2) That the money therein alleged to have been embezzled came into his possession by virtue of his office or employment. (3) That he embezzled, or fraudulently converted to his own use, or to the use of another, the money in question.

As to the first proposition there is no contention, nor is there any evidence, to the effect that the defendant was either an agent or clerk of Naomi Lodge. The undisputed evidence, however, did disclose that the accused was an officer of said lodge, to wit, the worshipful master thereof. It is insisted by the appellant that no money, or funds of the lodge came into his possession by virtue of his office and that there is no evidence in this record showing or tending to show any by-law, rule, or regulation of said lodge which authorized or empowered, or made it the duty of the defendant as such worshipful master, to receive or otherwise handle any of the funds or money of the said lodge. It was shown without dispute that one Irving Hughes was the treasurer of said lodge, and the evidence on the subject also discloses that as said treasurer he (Hughes) was the sole custodian of all moneys and funds of said lodge. But it was contended by the state that Hughes, the treasurer of the lodge, upon sundry and divers occasions, would and did receive from the secretary of the lodge moneys belonging to the lodge, and which had been collected by the secretary as it was his duty to do, and that, after so receiving the money from the secretary, Hughes, the treasurer, would turn it over to the defend-ant, with the request that he deposit it in the bank the next day, and that this constituted the defendant the agent or bailee of Hughes in said transaction. On this question the court properly charged the jury in the oral charge:

"If he (defendant) was simply acting as the agent of Hughes, then you would not be authorized to convict him under this indictment, because he is not alleged to have been the agent of Hughes."

■ The second and third counts having been eliminated by the verdict of the jury, we are of the opinion that there is no evidence to sustain the necessary proposition that the money in question came into the possession of the accused by virtue of his office as worshipful master. The facts disclosed by the undisputed evidence in this case made the defendant the agent of Hughes, the treasurer and sole custodian of the money belonging to the lodge. As stated by the trial court, there being no allegation in the indictment that the money in question came into possession of the defendant as agent of Hughes, the treasurer and sole custodian of the money, a conviction cannot be sustained upon the evidence which develops without conflict that, if any money was received by appellant, he received it as the agent of Hughes, the treasurer, and not as an officer of the lodge, to wit, the worshipful master.

There was no legal evidence sufficient to establish the fact insisted upon by the state, that the accused was a member of a banking committee of the lodge, or that such banking committee was authorized by the charter or by-laws of the lodge, but, if this were not true, a conviction under the indictment as framed could not be sustained upon legal proof of that fact; there being no allegation in the indictment to that effect.

The defendant strenuously denied that he had ever embezzled or misappropriated any of the money of the lodge; this without reference to the capacity in which he may have received it. On this question the evidence in this record appears vague and uncertain and in many instances mere hearsay. We are of the opinion that several of the exceptions reserved in this connection are well taken.

Other questions are presented; we need not discuss them, however, other than to say that in our opinion the motion for a new trial, in which these several insistences are properly presented, should have been granted, and that there was error in overruling the motion.

Reversed and remanded.